# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| CODY WOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-273-WKW-DAB |
| ) | |
| STATE OF ALABAMA ) | |
| MILITARY DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Cody Wood, an employee of the Defendant State of Alabama Military Department, alleges that he was subjected to racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. This matter is before the court on the Defendant's motion for summary judgment. (Doc. 34). The parties have been afforded an opportunity to brief the matter which is now taken under submission on the record and without oral argument. For the reasons stated herein, it is the **RECOMMENDATION** of the undersigned that the motion for summary judgment be **GRANTED and the case be DISMISSED.**

### I.  JURISDICTION

Subject matter jurisdiction is conferred by 28 U.S.C. § 1331 as to Plaintiff's federal cause of action. The parties do not contest personal jurisdiction or venue,

and the court finds sufficient information of record to support both. *See* 28 U.S.C. § 1391. On January 5, 2017, the above-styled matter was referred to the undersigned for review by United States Chief District William Keith Watkins. (Doc. 37); *see also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990).

## II. SUMMARY JUDGMENT STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56 requires the nonmoving party to go beyond the pleadings and, by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. "Where 'the adverse party does not respond, summary judgment, *if appropriate*, shall be entered against

the adverse party.' Fed. R. Civ. P. 56(e) (emphasis added). Thus, summary judgment, even when unopposed, can only be entered when 'appropriate.'" *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).

The substantive law will identify which facts are material and which are irrelevant. *Chapman*, 229 F.3d at 1023; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Chapman*, 229 F.3d at 1023; *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). When opposing a motion for summary judgment, however, the nonmovant can no longer rest on mere allegations, but must set forth evidence of specific facts. *See Lewis v. Casey*, 518 U.S. 343 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Chapman*, 229 F.3d at 1023. "If the evidence [presented by the nonmoving party to rebut the moving party's evidence] is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (internal citations omitted).

### III.   BACKGROUND AND STATEMENT OF MATERIAL FACTS

Defendant is the agency responsible for the administration of the Alabama National Guard. (Doc. 36-1 at 1). Plaintiff, a Caucasian male, was employed at all

relevant times by Defendant as a Fire Fighter/Driver Operator, Class 11681, at the Dannelly 187th Fighter Wing Fire Station in Montgomery, Alabama. (Doc. 25 at ¶¶ 1, 4; Doc. 36-1 at 3; Doc. 36-10 at 3).

Plaintiff was employed by Defendant through the state's employee merit system which is administered by the State of Alabama Personnel Department ("APD"). (Doc. 36-1 at 1). A person seeking initial employment to a merit system job, such as Fire Fighter/Driver Operator, Class 11681, must: (1) submit an application for examination form to the State of APD; (2) take a scheduled examination; and (3) be evaluated along with the other applicants to be placed upon a Certification of Eligibles from which agencies can hire new employees. *Id*. Employees seeking to be promoted within the state agency follow a similar process by first submitting an application for examination form to the APD. *Id*. These employees then "either take an examination or in some instances, their work history and education is evaluated to rank the applicants on the certification of eligibles from which the agency can select employees to promote." (Doc. 36-1 at 1-2).

APD guidelines provide that, when an agency seeks to fill a vacancy through initial hire or promotion, the director of the agency requests a Certification of Eligibles from the APD. (Doc. 36-2 at 9). The Certification of Eligibles lists the ten highest scoring applicants for the position plus the names of those applicants who are tied with the tenth highest score. *Id*. Under Rule 670-X-9-.03(2)(b) of the APD guidelines, the appointing authority in the agency may pick from any one of the ten

highest scoring applicants on the Certification of Eligibles. (Doc. 36-1 at 4; Doc. 36-2 at 9).

Senior Master Sergeant Wiley Porterfield, an African-American male, was employed at all relevant times as the Fire Chief for the Fire Station at Dannelly Field. (Doc. 36-1 at 2-3; Doc. 36-10 at 3). While he is not a state employee, he acted as the sole hiring authority for the firefighters at the Dannelly Field Fire Station.[2] (Doc. 36-1 at 2-3). Since his appointment to the Fire Chief position in October 2012, until January 29, 2015, six individuals were either employed or promoted by Chief Porterfield. (Doc. 36-1 at 3). Five of these six individuals are Caucasian, while one individual is African-American. *Id*. One of the six was age 60 at the time of his appointment. *Id.* These six employment actions are detailed as follows:

(1) Terry O. Williams, a Caucasian male, age 51, was appointed on March 4, 2014, as Fire Fighter/Driver Operator. (Doc. 36-3). The candidates on the Certificate of Eligibles consisted of two Caucasian males. (Doc. 36-3).

(2) Joshua A. Watson, a Caucasian male, was appointed on April 1, 2014 as Fire Fighter/Driver Operator. (Doc. 36-4). The candidates on the Certificate of Eligibles consisted of five Caucasian applicants and six African-American applicants. (Doc. 36-4).

(3) Steven D. Quates, a Caucasian male, was appointed on April 16, 2014 as Fire Fighter/Driver Operator. (Doc. 36-5). He was the only candidate on the Certificate of Eligibles. (Doc. 36-5).

---

[2] At all relevant times, Porterfield was a member of the Alabama Air National Guard serving on active duty. (Doc. 36-9 at 1). Defendant indicates, however, that Porterfield retired effective May 1, 2016. (Doc. 35 at 4, ¶ 7).

(4) Richard D. Sanders, a male, was promoted on June 16, 2014 to Fire Fighter/Assistant Chief. (Doc. 36-6). The candidates on the Certificate of Eligibles consisted of five Caucasian applicants. (Doc. 36-6).

(5) Jeffrey S. Stubbs, an African-American male, was promoted on July 1, 2014 to Fire Fighter/Crew Leader. (Doc. 36-7). The candidates on the Certificate of Eligibles, dated June 12, 2014, consisted of ten candidates with Stubbs being the only African-American candidate. (Doc. 36-7). Plaintiff was ranked No. 7 on the list while Mr. Stubbs was ranked No. 9. (Doc. 36-7).

(6) Bradley J. Sinclair, a Caucasian Male, was promoted on August 1, 2014 to Fire Fighter/Assistant Chief. (Doc. 36-8). The candidates on the Certificate of Eligibles consisted of four Caucasian applicants. (Doc. 36-8).

With regard to his decision to promote Stubbs to Crew Leader over Plaintiff, Porterfield attested that:

> I promoted directly from the State of Alabama Personnel Certification of Eligibles certified June 12, 2014… The charge of racial discrimination due to Mr. Freeman being Caucasian cannot be supported in that I have hired three Caucasians and promoted two Caucasians. My record substantiates that race was not a factor when I appointed each personnel for promotion.

(Doc. 36-9 at 4). Porterfield also stated that it was his "duty to appoint personnel that would provide the best opportunity for mission success" and that "[i]t would be an injustice to promote personnel that do not have the true knowledge, skills, and abilities to do the job." (Doc. 36-9 at 2). Stubbs had twenty-seven years of military service and was a member of the 187th Fighter Wing in his military status. (Doc. 36-12 at 2-3).

On September 24, 2014, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), asserting claims of age discrimination, race discrimination, and retaliation with respect to Defendant's decision not to promote him to the Crew Leader position. (Doc. 36-10 at 3). Plaintiff contended in his EEOC charge that: (1) he was 56 years old at the time with "more seniority and experience than the Black, employees that were promoted over me"; (2) he had "filed complaints in objection to the selection and believe[d] that [his] non-selection [was] a result of retaliation for [his] complaints"; and (3) he also believed that his age was the reason he was not selected. *Id*.

On April 24, 2015, Plaintiff filed a complaint in this court, alleging that he was subject to race-based discrimination in connection with the decision not to promote him in 2014 to Crew Leader. (Doc. 1 at 1-2). Plaintiff has not included as part of his complaint any specific claims of age discrimination or retaliation.[3]

## IV.  DISCUSSION

---

[3] Plaintiff alleged in his Amended Complaint that "[t]he Defendant has created a hostile work environment claim after learning of the Plaintiff's concerns that has caused the Plaintiff to suffer harm." (Doc. 25 at ¶ 8). Plaintiff did not raise this claim in his EEOC complaint. (Doc. 19-10).  Moreover, Plaintiff did not assert a claim of hostile work environment as a separate cause of action in the Complaint.  Rather, Plaintiff's Complaint asserted a single discrimination claim of disparate treatment based upon Defendant's decision not to promote him.  (Doc. 1 at p. 2).  Plaintiff did not file a response to the summary judgment motion or otherwise provide arguments or legal authority in support of a hostile work environment claim.

Plaintiff has offered no response to Defendant's motion for summary judgment. Although Plaintiff fails to address the motion, the court has still considered this matter on the merits of the motion. *See United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004)("[S]ummary judgment, even when unopposed, can only be entered when 'appropriate.'"). Plaintiff's claim of racially disparate treatment is based on the Defendant's failure to promote him in 2014 to the position of Crew Leader. Because Plaintiff has not presented direct evidence of discrimination, the evaluation turns to circumstantial evidence.

> Under the McDonnell Douglas framework, to prevail on a claim of failure to promote, a plaintiff may establish a prima facie case of sex discrimination by showing that: (1) she is a member of a protected class; (2) she was qualified and applied for the promotion; (3) she was rejected despite her qualifications; and (4) other equally or less qualified employees who were not members of the protected class were promoted. *See Lee v. GTE Florida, Inc.*, 226 F.3d 1249, 1253 (11th Cir.2000).

*Wilson*, 376 F.3d at 1089. Defendant concedes that "that the Plaintiff can prove a prima facie case." (Doc. 35 at 18).

> When the plaintiff establishes a prima facie case, which creates the presumption of discrimination, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. *See Rojas*, 285 F.3d at 1342; *Combs*, 106 F.3d at 1528. The employer "need not persuade the court that it was actually motivated by the proffered reasons." *Burdine*, 450 U.S. at 254-55, 101 S.Ct. at 1094. If the employer satisfies its burden by articulating one or more reasons, then the presumption of discrimination is rebutted, and the burden of production shifts to the plaintiff to offer evidence that the alleged reason of the employer is a pretext for illegal discrimination. *Id.* at 255-26, 101 S.Ct. at 1094-95.

> If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot recast the reason but must meet it head on and rebut it. *See Chapman*, 229 F.3d at 1030. Quarreling with that reason is not sufficient. *See id*. The evidence of pretext may include, however, the same evidence offered initially to establish the prima facie case. *See Combs*, 106 F.3d at 1528.

*Wilson*, 376 F.3d at 1087–88.

Defendant must now articulate a legitimate, non-discriminatory reason for not promoting Plaintiff in 2014 to the position of Crew Leader. The evidence presented by Defendant establishes that: (1) Stubbs was ranked with a score of 89.77 on the Certificate of Eligibles, dated June 12, 2014, pertaining to the Crew Leader position; (2) Plaintiff was ranked with a score of 89.88 on the same list, tied with three other candidates; and (3) Porterfield promoted Mr. Stubbs to the Crew Leader position. (Docs. 36-7). Porterfield's selection of Stubbs complied with Rule 670-X-9-.03(2)(b), Ala. Admin. Code, since he had the authority to pick from any one of the ten highest scoring applicants on the Certification of Eligibles. (Doc. 36-1 at 4; Doc. 36-2 at 9). Specifically, Defendant argues that Porterfield selected Stubbs instead of Plaintiff because Defendant "strongly believes that the strong military background of Stubbs coupled with his educational achievements are also substantial indications of his strength as a candidate for promotion." (Doc. 35 at 18). Stubbs testified that at the time he was promoted, he "had instant access to the government computer system and the other … candidates did not at the time." (Doc. 36-12 at 1). Stubbs further testified that he held a B.S. in Fire Science, and A.A. in logistics, and an A.A.

in Social Science, and that he was working toward a master's degree in Organizational Leadership. *Id.* at 2. By contrast, Plaintiff testified that he held an associates degree in biology and conservation and had worked as a forest ranger prior to becoming a firefighter. (Doc. 36-13 at 2). Based on this evidence, Defendant has met its "exceedingly light" burden of articulating legitimate, non-discriminatory reasons for its choice not to promote Plaintiff to the position of Crew Leader in 2014.

Accordingly, the burden of production shifts to Plaintiff to prove that the articulated reasons are a pretext for discrimination.

> "[A plaintiff] cannot prove pretext by asserting baldly that she was better qualified than the person who received the position at issue. *See Alexander*, 207 F.3d at 1339. Wilson must instead adduce evidence that the disparity in qualifications was "so apparent as virtually to jump off the page and slap you in the face." *Cofield v. Goldkist, Inc.*, 267 F.3d 1264, 1268 (11th Cir.2001) (citing *Denney*, 247 F.3d at 1187 (11th Cir.2001)) (quoting *Lee*, 226 F.3d at 1253-54); accord *Alexander*, 207 F.3d at 1339-40 (all quoting *Deines v. Texas Dep't of Protective & Reg. Servs.*, 164 F.3d 277, 280 (5th Cir.1999)).

*Wilson*, 376 F.3d at 1090.

Plaintiff did not respond to Defendant's motion for summary judgment and has offered no argument or evidence that the articulated nondiscriminatory reasons offered by Defendant were pretextual.  Accordingly, Plaintiff has not met his burden of production as to the issue of promotion, and Defendant's motion for summary judgment as to this issue is due to be granted.

**V.    CONCLUSION AND RECOMMENDATION**

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that Defendant's motion for summary judgment (Doc. 34) is due to be **GRANTED** in its entirety as to Plaintiff's racial discrimination claim and that the case be dismissed.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **April 13, 2017.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this 29th day of March 2017.

/s/ David A. Baker
David A. Baker
United States Magistrate Judge